IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AARON CARSON, CHARLES COLLINS, JOHN CURTIS, MARY DOBRIJEVICH, DONNIE JONES, CATHERINE KOBY, GWEN LANE, MATTHEW LUBARSKI, JOHN J. MCBRIDE, SR., JANET NICKOVICH, CHARLES J. PODGORNY, PATTIE G. PODGORNY, JOHN D. PRUZIN, DANNY SEBBEN, HELEN G. SUTTON,  DENNIS TOBIN, CAMILA A. TREVINO, MARIAN VUKAS, and SUSAN WYATT, | ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| LAKE COUNTY, INDIANA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**COMPLAINT**

Come now the plaintiffs, Aaron Carson, Charles Collins, John Curtis, Mary Dobrijevich, Donnie Jones, Catherine Koby, Gwen Lane, Matthew Lubarski, John J. McBride, Sr., Janet Nickovich, Charles J. Podgorny, Pattie G. Podgorny, John D. Pruzin, Danny Sebben, Helen G. Sutton, Dennis Tobin, Camila A. Trevino, Marian Vukas, and Susan Wyatt, by counsel, and for their complaint against the defendant, Lake County, Indiana, state as follows:

A.      Nature of Action

1.      Each of the plaintiffs was employed by the defendant, Lake County, Indiana. Each of the plaintiffs were terminated from their employment by the defendant in violation of their rights under the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. §621, et seq., as amended. The plaintiffs were also terminated by the defendant in violation of

their rights pursuant to the Fourteenth Amendment Equal Protection Clause of the United States Constitution, by and through 42 U.S.C. §1983.

## B.     Jurisdiction and Venue

2.     This Court has jurisdiction of the Plaintiffs' claims under the ADEA pursuant to 29 U.S.C. §626 (c), et seq., and 28 U.S.C. §1331.

3.     Because the plaintiffs assert claims under the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. Section 1983, this court has jurisdiction under 28 U.S.C. Sections 1331 and 1343 (3).

4.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) because the defendant has its place of business in this district, the plaintiffs were employed by the defendant in this district, and the actions complained of were conducted within this district.

## C.  Parties

5.     Aaron Carson is an adult citizen of the United States, and a resident of Merrillville, Indiana.  He was born in 1932, and was 81 years old at the time he was terminated by the defendant. He worked part-time as a Deputy Assessor for the County Assessor's Office, until he was terminated by the defendant on September 30, 2013.

6.     Charles Collins is an adult citizen of the United States, and a resident of Crown Point, Indiana.  He was born in 1940 and was 73 years old at the time he was terminated by the defendant. He worked part-time as a Bailiff for the Lake County Court until he was terminated by the defendant on September 30, 2013.

7.     John Curtis is an adult citizen of the United States, and a resident of Gary, Indiana.  He was born in 1942, and was 70 years old at the time he was terminated by the

defendant.  He worked part-time as a Bailiff for the Lake Superior Court, County Division IV, until he was terminated by the defendant on September 30, 2013.

8.      Mary Dobrijevich is an adult citizen of the United States, and a resident of Crown Point, Indiana. She was born in 1940, and was 70 years old at the time she was terminated by the defendant. She worked part-time as a Probate File Clerk until she was terminated by the defendant on September 30, 2013.

9.      Donnie Jones is an adult citizen of the United States, and a resident of Crown Point, Indiana.  He was born in 1936, and was 76 years old at the time he was terminated by the defendant. He worked part-time as a part-time maintenance supervisor to oversee the maintenance of squad cars for the Sheriff's Department, until he was terminated by the defendant on September 30, 2013.

10.     Catherine Koby is an adult citizen of the United States, and a resident of Merrillville, Indiana. She was born in 1948 and was 65 years old at the time she was terminated by the defendant. She worked part-time as a Clerk in the County Treasurer's Office, until she was terminated by the defendant on September 30, 2013.

11.     Gwen Lane is an adult citizen of the United States, and a resident of Crown Point, Indiana. She was born in 1942 and was 70 years old at the time she was terminated by the defendant. She worked part-time as a Secretary in the County's Criminal Probation Office until she was terminated by the defendant on effectively on September 30, 2013.

12.     Matthew Lubarski is an adult citizen of the United States, and a resident of Wheatfield, Indiana. He was born in 1947, and was 66 years old at the time he was terminated by the defendant. He worked part-time as Field Officer for the County's Animal Control Office until he was terminated by the defendant on September 30, 2013.

13.     John J. McBride, Sr., is an adult citizen of the United States, and a resident of Wheatfield, Indiana.  He was born in 1940, and was 72 years old at the time he was terminated by the defendant. He worked part-time as a Bailiff for the Lake Superior Criminal Court, Room One until he was terminated by the defendant on September 30, 2013.

14.     Janet Nickovich is an adult citizen of the United States, and a resident of Merrillville, Indiana. She was born in 1943 and was 69 years old at the time she was terminated by the defendant. She worked part-time as a Secretary / Clerk in the County Jail Records Department until she was terminated by the defendant on September 30, 2013.

15.     Charles J. Podgorny, is an adult citizen of the United States, and a resident of Munster, Indiana.  He was born in 1934, and was 79 years old at the time he was terminated by the defendant. He worked in the Lake County Commissioner's Office and did building maintenance until he was terminated by the defendant on September 30, 2013.

16.     Pattie G. Podgorny is an adult citizen of the United States, and a resident of Munster, Indiana.  She was born in 1936, and was 76 years old at the time she was terminated by the defendant.  She worked part-time as a Secretary in the Lake County Sheriff's Department until she was terminated by the defendant on September 30, 2013.

17.     John D. Pruzin is an adult citizen of the United States, and a resident of Cedar Lake, Indiana. He was born in 1945 and was 68 years old at the time he was terminated by the defendant.  He worked part-time as a Clerk in the County Court Administrator's Office until he was terminated by the defendant on September 30, 2013.

18.     Danny Sebben is an adult citizen of the United States, and a resident of Crown Point, Indiana. He was born in 1942 and was 71 years old at the time he was terminated by the

defendant. He worked part-time as a Bailiff for the Lake County Courts until he was terminated by the defendant on September 30, 2013.

19.     Helen G. Sutton is an adult citizen of the United States, and a resident of Highland, Indiana. She was born in 1985, and was 78 years old at the time she was terminated by the defendant.  She worked part-time as a Secretary / Clerk in the County Purchasing Department until she was terminated by the defendant on September 30, 2013.

20.     Dennis Tobin is an adult citizen of the United States, and a resident of Highland, Indiana.  He was born in 1938 and was 75 years old at the time he was terminated by the defendant. He worked part-time as Secretary / Clerk in the County Purchasing Department until he was terminated by the defendant on September 30, 2013.

21.     Camila A. Trevino is an adult citizen of the United States, and a resident of Highland, Indiana.  She was born in 1938 and was 75 years old at the time she was terminated by the defendant. She worked part-time as a Deputy Clerk in the County Recorder's Office until she was terminated by the defendant on September 30, 2013.

22.     Marian Vukas is an adult citizen of the United States, and a resident of Schererville, Indiana. She was born in 1948 and was 65 years old at the time she was terminated by the defendant.  She worked part-time as a Clerical / Child Support Case Worker until she was terminated by the defendant on September 30, 2013.

23.     Susan Wyatt is an adult citizen of the United States, and a resident of Lowell, Indiana. She was born in 1942 and was 71 years old at the time she was terminated by the defendant.  She worked part-time as a Deputy Small Claims Clerk until she was terminated by the defendant on September 30, 2013.

24.     Lake County, Indiana, is a municipal entity created by the laws of Indiana.

25.     The defendant, Lake County, Indiana, is a county government unit of the State of Indiana, and is an employer as that term is defined in 29 U.S.C. §621, et seq., as amended.

D.     Factual Allegations

26.      The plaintiffs hereby incorporate by reference paragraphs one (1) through twenty-five (25) of their Complaint by reference.

27.     Each of the plaintiffs was an active employee for the defendant, Lake County, Indiana.

28.     At the time the defendant terminated each of the plaintiffs from their employment, each of the plaintiffs were performing their jobs satisfactorily, and none of the plaintiffs were given any pre-discharge notice that the defendant or the respective supervisors for the plaintiffs were dissatisfied with their respective job performances.

29.     Pursuant to a written policy established by the defendant, each of the plaintiffs was terminated from their respective employment because each of them was over the age of sixty-five. The defendant's termination of the each of the plaintiffs was willful and in reckless disregard of their federal statutory and constitutional rights.

30.     The defendant did not terminate the employment of similarly situated active employees whose work performance was inferior to the respective plaintiffs' work performance. The defendant treated the plaintiffs differently than similarly situated active employees who were younger than age sixty-five.

31.     As a result of being terminated by the defendant, each of the plaintiffs has lost wages and benefits, and they have each suffered emotional and mental distress, humiliation and embarrassment.

E.   Legal Claims.

Count One – Age Discrimination in Employment Act

32.    The plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-one (31) of their Complaint by reference.

33.    The defendant's termination of each plaintiff from their employment was made in violation of their respective rights pursuant to the ADEA, 29 U.S.C. §621 et seq., as amended, as the defendant's decision to terminate was based on the plaintiffs' age classification, as each of them were over the age of 65.

34.    Each of the plaintiffs filed a verified Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), and the EEOC issued Right to Sue Notices to each of the plaintiffs. The plaintiffs have exhausted all administrative remedies and have complied with the statutory prerequisites for maintaining an action under the ADEA.

Count Two – Fourteenth Amendment Equal Protection Claim
by and through 42 U.S.C. §1983

35.    The plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-one (34) of their Complaint by reference.

36.    The defendant's termination of each plaintiff from their employment was made in violation of their respective rights pursuant to the Fourteenth Amendment Equal Protection Clause of the United States Constitution, by and through 42 U.S.C. §1983, as the defendant's decision to terminate was based on the plaintiffs' age classification, as each of them were over the age of 65. The defendant had no rational basis for using age to terminate the plaintiffs' respective positions of employment.

F.   Prayer for Relief.

WHEREFORE, the plaintiffs request that the court:

a.      Issue a declaratory judgment that the challenged actions of the defendant violated their rights as stated in Paragraphs One through Thirty-Six above;

b.      Issue an injunction to reinstate each of the plaintiffs to their employment, with lost wages and benefits;

c.      Award each of the plaintiffs compensatory damages and liquidated damages, in an amount to be determined at trial;

d.      Order prejudgment interest on all sums recoverable;

e.      Award the plaintiffs costs and reasonable attorney fees pursuant to statute;

f.      Pursuant to Rule 54 (c), award the plaintiffs all other appropriate relief.

## JURY DEMAND

Pursuant to Rule 38 (b), the plaintiffs demand a trial by jury.

Respectfully Submitted,

s/David S. Gladish

_____
David S. Gladish, Attorney No. 18653-45
Law Office of David Gladish, P.C.
8320 Kennedy Avenue
Highland, IN  46322
Phone:  (219) 838-1900
Facsimile:  (219) 838-1909
e-mail:  david@davidgladish.com

s/Michael J. Rappa

_____
Michael J. Rappa, Attorney No. 17512-45
Law Office of Michael J. Rappa
233 East 84th Drive, Suite 203
P.O. Box 10932
Merrillville, IN 46411
Phone: (219) 246-8893
e-mail:  rappa.michael@gmail.com

Attorneys for the plaintiffs